**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| ANTHONY L. ROBERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-2312 |
| ) | |
| vs. ) | |
| ) | Judge Colin Stirling Bruce |
| CORRECTIONAL OFFICER COLE ) | |
| ANDERSON, individually, and ) | Magistrate Judge Eric I. Long |
| VERMILION COUNTY, ) | |
| ) | JURY TRIAL DEMANDED |
| Defendants. ) | |

## DEFENDANTS' MOTIONS *IN LIMINE*

NOW COME the Defendants, COLE ANDERSON and VERMILION COUNTY, by and through their attorneys, MICHAEL C. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and pursuant to this Court's Order (Dkt. # 17) and Standing Order on Pre-Trial Procedure, submit the following motions *in limine* for consideration by this Court in advance of trial.

## DEFENDANTS' MOTION *IN LIMINE* NO. 1

### MOTION TO BAR REFERENCE TO ANY UNRELATED ALLEGATIONS OF POLICE MISCONDUCT OR REFERENCES OR ALLUSIONS TO A "BLUE WALL OF SILENCE"

Defendants move to bar any argument by counsel, evidence, or testimony by any witness with respect to any unrelated allegation of misconduct by any police officer or agency other than the allegations of the instant case. *See Martin v. City of Chicago,* No. 15-CV-04576, 2017 WL 2908770, at *6 (N.D. Ill. July 7, 2017) (barring via motion *in limine* any mention of allegations of police misconduct unrelated to the case). Pursuant to Federal Rule of Evidence 403, such evidence substantially outweighs its nonexistent probative value. "Unrelated allegations and

incidents of police misconduct possess minimal—if any—probative value while carrying a great risk of prejudice to police officers." *Id.* (collecting cases). These cases would concern different plaintiffs, different allegations, and entirely unrelated incidents. Evidence of such litigation is not relevant to any issue in this case and, therefore, is inadmissible pursuant to Federal Rules of Evidence 401 and 402.

To be clear, this motion targets both *evidence* of misconduct and arguments, innuendo, and questions by counsel that mention or allude to other incidents of police misconduct, including those that have received widespread media attention. *See Gowder v. Bucki,* No. 13 C 1834, 2013 WL 6182964, at *4 (N.D. Ill. Nov. 26, 2013). There have been many media accounts of allegations of police abuses in recent months, especially in the City of Chicago or Minneapolis, Minnesota, but those incidents have no place in this trial. Any attempt to piggyback on "a broader concept of general police dishonesty would be inappropriate" because "such arguments are irrelevant and highly prejudicial." *Martinez v. City of Chicago,* No. 14-CV-369, 2016 WL 3538823, at *14 (N.D. Ill. June 29, 2016). The Defendants are only to be held accountable for their own actions; they may not be made scapegoats for the alleged bad behavior of police officers nationwide.

Defendants further seek to bar Plaintiff from any argument, evidence, innuendo, questions, or testimony related to "a 'code of silence,' 'blue wall,' or any claim of a cover up." *Betts v. City of Chicago*, 784 F. Supp. 2d 1020, 1028 (N.D. Ill. 2011) (granting such a motion and citing cases which did the same). Such generalized allegations are irrelevant, inflammatory, and merely a vehicle for Plaintiff to encourage a jury to associate the individual officers' actions with other, widely-publicized incidents of police misconduct. One may always question a witness about the witness' *own* biases and motives, but "generalized allegations — separate and

2

apart from what may be true of [Defendant Anderson and Sergeant Heaton, who are both expected to testify] — are not helpful and are akin to impermissible propensity evidence." *Id.* Therefore, Roberson or his counsel should not be permitted to "use the term[s] 'code of silence' or 'blue wall' as those terms are highly prejudicial," or introduce evidence that police officers generally "seek to cover up misconduct in order to protect fellow officers." *Id.*

WHEREFORE, Defendants request that this Court grant their First Motion *in Limine* and bar any reference to any other unrelated allegations of police misconduct and to bar references to a "blue wall of silence."

**DEFENDANTS' MOTION *IN LIMINE* NO. 2**

**MOTION TO BAR INADMISSIBLE CHARACTER EVIDENCE AGAINST DEFENDANTS INCLUDING, BUT NOT LIMITED TO, OTHER LAWSUITS AGAINST DEFENDANT OR OTHER STAFF MEMBERS OF THE VERMILION COUNTY SHERIFF'S DEPARTMENT**

Defendants seek to bar Plaintiff from offering any testimony, questioning, evidence, or argument regarding or prior lawsuits against Defendant Cole Anderson or Vermilion County and its Sheriff's Department, or any other Vermilion County personnel involved (or not involved) in this incident. This evidence should be excluded because it constitutes improper character evidence or propensity evidence under Federal Rule of Evidence 404.

Plaintiff should not be permitted to inject previous, unrelated disciplinary records or other suits against Defendant Anderson or the County into this case. This evidence is irrelevant under Federal Rule of Evidence 401 and its risk of unfair prejudice substantially outweighs its probative value under Federal Rule of Evidence 403. *Patterson v. City of Chicago,* No. 15-CV-4139, 2017 WL 770991, at *4 (N.D. Ill. Feb. 28, 2017) (excluding evidence of three prior suits against defendant officer as "minimally probative" but carrying "an unacceptable risk of unfair prejudice, jury confusion, and undue delay.") Such evidence is also improper character or

propensity evidence under Federal Rule of Evidence 404. *Id.*; *Martin,* 2017 WL 2908770, at *6–7 (granting motion *in limine* to preclude evidence, testimony, and questioning about prior misconduct under Rule 404). Moreover, such evidence would be based on hearsay, which further undermines its reliability and makes it impossible for the officers to fairly respond.

Specifically, Defendants wish to have two past lawsuits against Defendant Anderson precluded from the evidence in this case: *Gibbons v. Walwarth et al,* C.D. Ill. Case No. 18-CV-02292 (Nov. 5, 2018)[1] and *Johnson v. Anderson, et al*. C.D. Ill. Case No. 18-CV-02042 (Feb. 5, 2018). Both cases were dismissed for want of prosecution. *See Gibbons,* (18-CV-02292), Text Order dated Feb. 25, 2019; *Johnson* (18-CV-02042)*,* Text Order dated June 21, 2018. A third lawsuit was filed more recently, *Johnson v. Fahey*, C.D. Ill. Case No. 20-cv-02038 (Feb. 20, 2020). This case is pending. This evidence contained in these lawsuits (or even the fact of their existence) is irrelevant, hearsay, and any probative value they may have are substantially outweighed by the danger of unfair prejudice, confusion of the issues, and potential to mislead the jury. *See* Fed. R. Evid. 402 and 403.

Additionally, Defendant Anderson has received a written reprimand for one occasion of failing to report to duty on time. Needless to say, this discipline has no bearing on the issues, and does not fall within any permissible exception to Rule 404. Accordingly, evidence of the incident or discipline imposed should be excluded from trial.

WHEREFORE, Defendants request that this Court grant their Second Motion *in Limine* and prohibit Plaintiff from offering inadmissible character evidence of the Defendants.

---

[1] Misspelling of "Walworth" in original caption.

### DEFENDANTS' MOTION *IN LIMINE* NO. 3

### MOTION TO BAR ANY TESTIMONY OR EVIDENCE REGARDING INDEMNIFICATION BY VERMILION COUNTY OR PAYMENT OF ANY DAMAGES BY THE COUNTY'S INSURER

In the instant lawsuit, the County is only a named Defendant based upon the doctrine of *respondeat superior* on Plaintiff's state law battery claim. (*See* Complaint, at Dkt. # 1). Any comment on indemnification by Vermilion County should be precluded. Whether or not the County indemnifies Defendant Anderson is completely irrelevant to the issue of whether he is liable for any acts he may have performed that proximately caused an injury to Plaintiff. Plaintiff has brought no *Monell* claim against the County and makes no allegation that any County employee other than Defendant Anderson engaged in wrongdoing. Since there is no claim against the County, the only true parties to the case for the claims alleged are Plaintiff and Defendant Anderson. Allowing Plaintiff to make such a connection would be highly prejudicial.

It is undisputed that the County and/or its insurer have agreed to indemnify Defendant Anderson for any compensatory damages assessed in this case. Thus, the only reason to mention the County or its insurance company is to signal to the jury that "deep pockets" are available to pay any judgment. Such a signal runs afoul of federal and Illinois law that evidence of indemnification against liability is inadmissible as irrelevant and highly prejudicial to the issue of liability. Fed. R. Evid. 411; *Walker v. Saenz*, No. 91 C 3669, 1992 WL 317188, *3 (N.D. Ill. Oct. 27, 1992). Knowledge that the County will indemnify Anderson for possible damages or that such damages would be paid by an insurer might encourage jurors to find for Plaintiff— regardless of the facts presented at trial. Such knowledge can also lead jurors to inflate an award out of sympathy or other irrelevant factors.

As a general rule, courts in the Seventh Circuit prohibit juries from learning that defendants in §1983 suits are indemnified.  *Lawson v. Trowbridge*, 153 F. 3d 368 (7th Cir. 1998); *Patterson*, 2017 WL 770991, at *11 ("The common practice of courts in this district is that evidence of indemnification is inadmissible"). *See also McKinstry v. Austin, et al.*, C.D. Ill. Case No. 16-cv-02336, at Dkt. No. 61 (J. Myerscough) (granting motion *in limine* barring from the jury any mention of indemnity). Further, courts have held that, unless a party's being insured or indemnified is a material issue in the case, the improper, uncured disclosure of such information is reversible error.  *See Halladay v. Verschoor*, 381 F. 2d 100, 112 (8th Cir. 1967).

WHEREFORE, Defendants request that this Court grant their Third Motion *in Limine* and prohibit any reference to indemnification of Defendant Anderson by the County or payment of any judgment by the County's insurer.

## DEFENDANTS' MOTION *IN LIMINE* NO. 4

**MOTION TO BAR PLAINTIFF FROM OFFERING MEDICAL OPINION TESTIMONY AND HEARSAY MEDICAL TESTIMONY**

Defendants anticipates that Plaintiff may attempt to testify about his post-incident medical conditions, causation, diagnosis, and/or prognosis that he claims were a result of the incident on July 26, 2018.  Plaintiff, however, is not competent to offer testimony regarding any purported medical opinions, conclusions, or interpretation of medical imaging.  *See* Fed. R. Evid. 701 (lay person opinion testimony allowed if "rationally based on the perception of a witness" and "not based on scientific, technical, or other specialized knowledge within the scope of Rule 702").

As a lay witness, Plaintiff lacks the knowledge, skill, experience, training, and education that would qualify him to testify about the nature of any underlying medical condition, cause, or its permanence as a result of the incident.  Because such testimony may be offered only by a

properly-disclosed expert witness, Plaintiff should be barred from testifying personally as to these issues. *See* Fed. R. Evid. 701 and 702; *Taylor v. Northeast Illinois Regional Commuter R.R. Corp.*, No. 04 C 7270, 2008 WL 244303, *5 (N.D. Ill. Jan. 28, 2008). *See also Pearson v. Ramos*, 237 F.3d 881, 886 (7th Cir. 2001) (non-expert may not testify regarding cause of medical condition).

Additionally, Plaintiff cannot testify concerning the statements of medical providers. Such testimony is inadmissible hearsay. *See* Fed. R. Evid. 802. To allow Plaintiff to testify about his purported medical conditions, cause, or its permanence as a result of the incident would prejudice Defendants. Any probative value said evidence would have would be substantially outweighed by prejudice to the Defendants, particularly if Plaintiff does not call any treating physicians to testify at trial. *See* Fed. R. Evid. 403. Finally, Plaintiffs should be barred from presenting testimony from any other witness as to Plaintiff's pain, symptoms, conditions, treatment, diagnoses, or opinions. Said testimony would be inadmissible hearsay. *See Black v. Carey*, No. 07 CV 3317, 2010 WL 145783, *4 (C.D. Ill. Jan. 11, 2010) (barring parties, attorneys, and witnesses from referencing statements that Plaintiff made to others regarding his pain and symptoms).

Specifically, Plaintiff testified at his deposition that he overheard an unidentified nurse tell unnamed corrections officers the day after the incident to "[r]ush him to the hospital now." (Ptlf.'s dep., at p. 90). This is inadmissible hearsay, and additionally, it is misleading with respect to the otherwise minor injuries suffered by the Plaintiff. Allowing such testimony to be elicited would inaccurately provide the impression that Plaintiff's injuries suffered in the altercation were serious. Such testimony with also allow Plaintiff to imply that a medical judgment as to the seriousness of the injuries was exercised by the unnamed nurse.

Further, any testimony as to what doctors may have said to Plaintiff regarding causation, diagnosis, or prognosis is impermissible hearsay under Rule 802. Accordingly, Plaintiff should be barred from introducing such evidence.

WHEREFORE, Defendants request that this Court grant their Fourth Motion *in Limine* and bar any witnesses from offering non-expert medical opinion testimony.

## **DEFENDANTS' MOTION *IN LIMINE* NO. 5**
## **MOTION TO ADMIT PLAINTIFF'S FELONY CONVICTIONS**

Plaintiff was convicted of felony domestic battery on June 5, 2020. This conviction is presumptively admissible under Rule 609 to undermine Plaintiff's truthfulness. As the Seventh Circuit noted, Rule 609 reflects "the common-sense proposition that a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath in a trial by the solemnity of the oath, the (minuscule) danger of prosecution for perjury, or internalized ethical norms against lying." *Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987). The Federal Rules of Evidence hold that in civil cases, a witness's felony convictions within the last 10 years "must be admitted." Fed. R. Evid. 609(a),(b). This mandate is subject only to Rule 403's "probative value is substantially outweighed by the risk of unfair prejudice" balancing test. Fed. R. Evid. 609(a)(1)(A).

Here, Plaintiff has been convicted of a felony this calendar year. This particular felony is well within the Federal Rules' 10-year window. The jury may be apprised of the "particular felonies charged, the date, and the disposition." *See Susinka v. Smith*, No. 08-CV-2207, 2010 WL 4901983, at *2 (C.D. Ill. Nov. 24, 2010) (J. McCuskey). The probative value of the Defendant's ability to impeach Plaintiff's testimony is quite high. The Plaintiff's credibility is at the heart of the trial in this matter. He alleges that he was struck by Defendant Anderson while

handcuffed and on the ground. Defendant Anderson has testified that Plaintiff was upright, facing him, and had grabbed him by the uniform when Anderson struck Plaintiff. This will require the jury to weigh their credibility.

Comparatively, the prejudicial nature of the conviction is slight. Plaintiff was incarcerated at the time of the incident, and the jury will see by way of video surveillance footage that the altercation took place inside a jail. *See Romanelli v. Suliene,* 615 F.3d 847, 854 (7th Cir. 2010) (taking into account that "the jury was already aware that the lawsuit was a prisoner's civil rights case" when weighing the prejudice to the plaintiff); *Wilson v. Groaning*, 25 F.3d 581, 585 (7th Cir. 1994) (same); *Diaz v. Walker*, No. 08-CV-1280, 2014 WL 11395150, at *4 (C.D. Ill. May 28, 2014) (same). In addition to the 2020 conviction, Plaintiff has a significant felony history, including the following convictions:

| Year | County | Case No. | Conviction | Class |
|---|---|---|---|---|
| 1991 | Vermilion | 1990CF334 | Robbery & Aggravated Battery w/ weapon | 2,3 |
| 1994 | Vermilion | 1993CF328 | Poss. Narcotics | 2 |
| 1994 | Vermilion | 1993CF504 | Man/Delivery Controlled Sub. - Cocaine | 1 |
| 1997 | Vermilion | 1996CF515 | Aggravated Battery - Great Bodily Harm & Felon in Possession of a Weapon - firearm | 3,3 |
| 2002 | Vermilion | 2000CF508 | Knowingly Damage Property > $300 | 4 |
| 2003 | Vermilion | 2002CF122 | Poss. Controlled Substance | 4 |
| 2007 | Vermilion | 2006CF17 | Poss. Controlled Substance | 4 |

The 2020 conviction is *prima facie* admissible, Defendants expect that Plaintiff will seek to exclude Plaintiff's other convictions under Rules 609(b) and Rule 403. Plaintiff cannot satisfy that demanding standard for exclusion with respect to the 2020 conviction, but his other convictions are presumptively inadmissible, subject to Rule 403's balancing test. Especially in a

case, here, where the facts will turn on the witness's credibility, Plaintiff's drug convictions should be admitted, even though they are older than ten years. While perhaps less probative of truthfulness than crimes like fraud, drug convictions are probative of truthfulness and are regularly admitted. *See, Coles v. City of Chicago,* No. 02 C 9246, 2005 WL 1785326, at *3 (N.D. Ill. July 22, 2005).

Roberson is such a person the Seventh Circuit described in *Campbell* – convicted of felonies eight separate times. A jury ought to know this information when deciding whether to believe him. Defendants only ask that this Court admit Plaintiff's prior drug convictions and his 2020 felony including "the particular felony charged, the date, and the disposition of a prior conviction." *United States v. Smith*, 454 F.3d 707, 716 (7th Cir. 2006).

WHEREFORE, Defendants request that this Court grant their Fifth Motion *in Limine* and rule that Roberson's 2020 felony conviction and four prior felony drug convictions be admitted into evidence.

## DEFENDANTS' MOTION *IN LIMINE* NO. 6

### MOTION TO BAR ANY REFERENCE TO PUNISHING OR SENDING A MESSAGE TO VERMILION COUNTY, OR TO LAW ENFORCEMENT GENERALLY

Plaintiff should be barred from making any argument that the jury should "send a message" to Vermilion County, or law enforcement generally, with its verdict. Sending a message, or punishment, cannot form the basis for any damages other than punitive damages. As a matter of law, Plaintiff cannot recover punitive damages from the County. *See* 745 ILCS 10/2-102; *City of Newport v. Fact Concerts*, 453 U.S. 247, 271 (1981). Accordingly, Plaintiff should not be allowed to imply to the jury that punishment can serve as a legitimate basis for an award against the County or law enforcement generally. This is especially important in this case, where

the Plaintiff will be unable to establish any compensatory damages, outside of pain and suffering. Plaintiff's only medical treatment was paid for by the County. Plaintiff's physical injuries were relatively minor. Plaintiff should not be incentivized to inflame the jury's passions when his compensatory damage likelihood is so small. Any such implication would be unfairly prejudicial under Rule 403 and for that reason is routinely barred. *See, e.g.*, *Fields v. City of Chicago,* No. 12 C 1306, 2018 WL 1652093, at *13 (N.D. Ill. Apr. 5, 2018) (granting motion to bar "send a message" type arguments against municipality); *Patterson,* 2017 WL 770991, at *5 (ruling that a plaintiff "may not argue that jurors should send a message to the City" or to the "police department"); *Cianfaglione v. Rogers*, No. 10-CV-02170, 2012 WL 1982536, at *4 (C.D. Ill. June 4, 2012) (granting such a motion and noting that even the plaintiff conceded that a "send a message" argument was not proper as to County or police in general).

WHEREFORE, Defendants request that this Court grant their Sixth Motion *in Limine* and exclude all argument, evidence, innuendo, questions, or testimony regarding "sending a message to" or otherwise punishing Vermilion County or law enforcement in general.

### DEFENDANTS' MOTION *IN LIMINE* NO. 7
### MOTION TO BAR "GOLDEN RULE" TESTIMONY OR ARGUMENT

A "golden rule" argument is any variation on the theme in which "the jury is asked to put itself in the plaintiff's position [and] is universally recognized as improper because it encourages the jury to depart from neutrality and to decide the case on the basis of personal interest and bias rather than on the evidence." *United States v. Teslim*, 869 F.2d 316, 327 (7th Cir. 1989) (internal citations omitted). *See also Joan W. v. City of Chicago,* 771 F.2d 1020, 1022 (7th Cir. 1985) ("An appeal to the jury to imagine itself in the plaintiff's position is impermissible because it encourages the jury to depart from its neutral role.") A common example is asking jurors how

much a particular injury would be worth to them. *Ward v. City of Bloomington,* No. 13-1271, 2016 WL 9649877, at *7 (C.D. Ill. Aug. 31, 2016) (excluding "golden rule" arguments); *Follis v. Mem'l Med. Ctr.,* No. 08-3056, 2010 WL 431920, at *2 (C.D. Ill. Jan. 29, 2010) (same). This and other appeals to a "golden rule" should be prohibited.

WHEREFORE, Defendants request that this Court grant their Seventh Motion *in Limine* and bar all argument, evidence, innuendo, questions, or testimony of any iteration of the "Golden Rule" argument.

### DEFENDANTS' MOTION *IN LIMINE* NO. 8

### MOTION TO BAR ANY WITNESSES, OPINION TESTIMONY, OR DOCUMENTARY EVIDENCE NOT PREVIOUSLY DISCLOSED PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26

Defendants move to bar any witness testimony or documentary evidence offered by Plaintiff that has not been previously disclosed during discovery pursuant to Federal Rules of Procedure 26. *See* F.R.C.P. 26(a)(1); F.R.C.P. 37(c)(1). Discovery has long-since closed, and at the time of this motion, Plaintiff has not supplemented his initial Rule 26 disclosures. As such, Plaintiff should be bound by them. *See e.g., Anglin v. Sears, Roebuck & Co.,* 139 F. Supp. 2d 914, 918 (N.D. Ill.), *modified*, 179 F. Supp. 2d 836 (N.D. Ill. 2001) (barring undisclosed testimony and witnesses not disclosed until after discovery cut-off had passed).

WHEREFORE, Defendants request that this Court grant their Eighth Motion *in Limine* and prohibit any undisclosed witnesses, opinion testimony or evidence not previously disclosed in discovery.

    Respectfully submitted,

    **s/ Michael W. Condon**
    MICHAEL W. CONDON, ARDC No. 06192071
    TONY S. FIORETTI, ARDC No. 06308997
    *Attorneys for Defendants*
    HERVAS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL 60143-3156
    P:  630-773-4774     F:  630-773-4851
    mcondon@hcbattorneys.com
    tfioretti@hcbattorneys.com

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | |
|---|---|
| ANTHONY L. ROBERSON, | ) |
| | ) |
|     Plaintiff, | ) Case No. 18-cv-2312 |
| | ) |
| vs. | ) |
| | ) Judge Colin Stirling Bruce |
| CORRECTIONAL OFFICER COLE | ) |
| ANDERSON, individually, and | ) Magistrate Judge Eric I. Long |
| VERMILION COUNTY, | ) |
| | ) |
|     Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on **July 24, 2020** I electronically filed the foregoing *Defendants' Motions in Limine* with the Clerk of the District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, which will send notification to the following CM/ECF participants:

TO:    Edward M. Fox
           Jaclyn N. Diaz
           Ed Fox & Associates
           300 W. Adams, Ste. 330
           Chicago, IL  60606
           efox@efoxlaw.com
           jdiaz@efoxlaw.com

    **s/ Michael W. Condon**
    MICHAEL W. CONDON, ARDC No. 06192071
    TONY S. FIORETTI, ARDC No. 06308997
    *Attorneys for Defendants*
    HERVAS, CONDON & BERSANI, P.C.
    333 Pierce Road, Suite 195
    Itasca, IL 60143-3156
    P:  630-773-4774     F:  630-773-4851
    mcondon@hcbattorneys.com
    tfioretti@hcbattorneys.com