UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANTHONY L. ROBERSON, ) | |
| ) | |
| Plaintiff, ) | Case No. 18-cv-2312 |
| ) | |
| vs. ) | |
| ) | Judge Colin Stirling Bruce |
| CORRECTIONAL OFFICER COLE ) | |
| ANDERSON, individually, and ) | Magistrate Judge Eric I. Long |
| VERMILION COUNTY, ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTIONS *IN LIMINE***

NOW COME the Defendants, COLE ANDERSON and VERMILION COUNTY, by and through their attorneys, MICHAEL W. CONDON and TONY S. FIORETTI of HERVAS, CONDON & BERSANI, P.C., and in opposition to Plaintiff's motions *in limine* (Dkt. # 19) state as follows:

**I.    DEFENDANTS' RESPONSE TO PLAINTIFF'S FIRST MOTION *IN LIMINE***

**PLAINTIFF'S MOTION TO BAR REFERENCE TO PRIOR (OR SUBSEQUENT)
ARRESTS OR CONVICTIONS OF PLAINTIFF**

Plaintiff's first Motion *in Limine* seeks to keep out his prior arrests and criminal convictions from trial. (Plaintiff's Mtn. *in Limine,* Dkt. # 19, at pp. 2-5). Plaintiff refers generally to his desire to prohibit the Defendants from using the convictions and arrests to attack his character. *Id.* Defendants do not intend to admit any of Plaintiff's convictions as character evidence. The Federal Rules of Evidence hold that in civil cases, a witness's felony convictions within the last 10 years "must be admitted." Fed. R. Evid. 609(a),(b). This mandate is subject only to Rule 403's "probative value is substantially outweighed by the risk of unfair prejudice" balancing test. Fed. R. Evid. 609(a)(1)(A). Any admission of a conviction involves some

prejudice, the question is whether the prejudice is *unfair* and substantially outweighs its probative value. *Mendez v. Kreissler*, No. 09-CV-2276, 2011 WL 5869788, at *4 (C.D. Ill. Nov. 22, 2011) ("Although the admission of this conviction does prejudice the Plaintiff, the level of *unfair* prejudice fails to substantially outweigh the significant probative value of Plaintiff's conviction.") (emphasis in original). Plaintiff's 2020 conviction fits this description and must be admitted. Plaintiff provides no argument or basis for its exclusion other than generally that the type of crime (domestic battery) is too dissimilar from the circumstances of this case, citing a Fourth Circuit case. (Pltf.'s Mtn., at p. 4). This Court should reject Plaintiff's argument as to the 2020 conviction, and admit the same for impeachment purposes under Rule 609.

Here, Plaintiff has also been convicted of seven other felonies since 1991. (*See* Defs.' Mtns. in *Limine,* Dkt. # 18, at p. 9). While these felonies are outside the Federal Rules' 10-year window, the admission of the drug felonies is substantially more probative than prejudicial. These felonies go towards Plaintiff's credibility as a witness. Defendants agree that the 1991 felonies for robbery and aggravated battery, the 1997 felonies of aggravated battery and felon in possession of a weapon, and the 2002 felony for knowingly damaging property are likely more prejudicial than probative and do not seek admission of these other felonies. Plaintiff argues that the admission of prior felonies is only meant to "stink up" the Plaintiff at trial. (Pltf.'s Mtn., at p. 5). The Seventh Circuit has flatly rejected this premise. *See Campbell v. Greer*, 831 F.2d 700, 707 (7th Cir. 1987); *Schmude v. Tricam Industries*, 556 F.3d 624, 627 (7th Cir. 2009).

> Rule 609 and the common law tradition out of which it evolved rest on the common-sense proposition that a person who has flouted society's most fundamental norms, as embodied in its felony statutes, is less likely than other members of society to be deterred from lying under oath in a trial by the solemnity of the oath, the (minuscule) danger of prosecution for perjury, or internalized ethical norms against lying. If so, this is something a jury should be permitted to take into account in evaluating a witness's believability.

*Campbell,* 831 F.2d, at 707.

The jury may be apprised of the "particular felonies charged, the date, and the disposition." *See Susinka v. Smith*, No. 08-CV-2207, 2010 WL 4901983, at *2 (C.D. Ill. Nov. 24, 2010). The probative value of the Defendant's ability to impeach Plaintiff's testimony is quite high. The Plaintiff's credibility is at the heart of the trial in this matter, in that he claims he was already taken down to the ground and handcuffed *before* being struck in the face. Defendant Anderson disputes this version of events. This will require the jury to weigh their credibility. Plaintiff also alleges a mechanism of injury that is at odds with his medical records, which requires the jury to assess his credibility.

Comparatively, the prejudicial nature of the convictions is slight. Plaintiff was in jail at the time of the incident. The jury will already be cognizant that the Plaintiff has engaged in wrongdoing resulting in his arrest and placement in the jail. *See Romanelli v. Suliene,* 615 F.3d 847, 854 (7th Cir. 2010) (taking into account that "the jury was already aware that the lawsuit was a prisoner's civil rights case" when weighing the prejudice to the plaintiff); *Wilson v. Groaning*, 25 F.3d 581, 585 (7th Cir. 1994) (same); *Diaz v. Walker*, No. 08-CV-1280, 2014 WL 11395150, at *4 (C.D. Ill. May 28, 2014) (J. McDade) (same). Moreover, the jury will see surveillance footage showing that this incident occurred in a jail, and the jury will also hear that Plaintiff is a convicted felon.

Further, Defendants do not seek to provide the underlying details of the crimes, merely the fact of the earlier convictions - just the disposition, the date, and the offense. *See Campbell,* 831 F.2d, at 707; *Bustamante v. Thedford,* No. 89 C 3471, 1995 WL 76900, at *2 (N.D. Ill. Feb. 23, 1995) (admitting the offense, date, and disposition, but not details of underlying crimes). Additionally, Defendants propose Seventh Circuit Pattern Instruction 1.15 which is an appropriate limiting instruction on the jury's consideration of the impeachment evidence. This Court should deny Plaintiff's Motion *in Limine* and admit his prior felony drug convictions as

impeachment evidence under Rule 609(b)(1) and admit Plaintiff's 2020 conviction under Rule 609(a)(1). "Evidence of a conviction for possession of drugs does not carry the same potential for inflaming the jury as does evidence of a an armed robbery conviction." *Coles v. City of Chicago*, No. 02 C 9246, 2005 WL 1785326, at *3 (N.D. Ill. July 22, 2005) (internal quotation marks omitted).

Alternatively, if this Court is persuaded that the nature of Plaintiff's past crimes will unfairly prejudice the jury (Defendants dispute that this is the case), the Seventh Circuit has endorsed "sanitization" of prior felonies, "to lessen that prejudice—referring only to his incarceration for felonies—is permissible and often preferred." *Miller v. Gonzales*, No. 17-2386, 2018 WL 3913328, at *2 (7th Cir. Aug. 15, 2018) (rejecting a challenge to the admissibility of prior felonies under Rule 609(a)(1)(A)); *see also Barlow v. Riley*, No. 12-2058, 2013 WL 2295447, at *2 (C.D. Ill. May 24, 2013) (J. Bernthal) (admitting sanitized version of prior felonies). "[I]t is not for [the] Court to question the wisdom of Rule 609, which makes clear that prior felony convictions are relevant to a witness's character for truthfulness." *Barlow*, 2013 WL 2295447, at *2.

Particularly instructive on the sanitization issue is *Porter v. Campbell*, No. 12-2092, 2013 WL 2949154, at *4 (C.D. Ill. June 14, 2013) where plaintiff similarly had an extensive felony history, including felonies older than ten years, and the Court limited the impeachment of the witness to the fact that he had "prior felony convictions" (plural). *Id.* at *4. This compromise, the Court found "that evidence that Plaintiff has 'prior felony convictions' will permit the jury to weigh his credibility in accordance with Rule 609, and that the marginal increase in probative value for Plaintiff's credibility that would be gained by admitting the nature and exact number of these crimes is substantially outweighed by the danger of unfair prejudice to Plaintiff." *Id.* If the Court is inclined to find that the number and nature of Plaintiff's prior felony convictions is too

4

prejudicial, Defendants argue that the Court may "sanitize" the prior convictions just as the Court did in *Porter*.

With respect to Plaintiff's arrest history, Defendants do not anticipate eliciting any testimony specifically regarding Plaintiff's prior arrests. However, Plaintiff testified that he was familiar with the Jail's rules and regulations regarding the conduct of detainees, including that some of the conduct he exhibited prior to the incident, i.e. grabbing his wallet back after it was removed during a pat-down was against the rules of the facility. (Pltf.'s Dep., at p. 67). Obviously, Plaintiff's familiarity with the jail is due to having been frequently arrested and convicted of crimes in Vermilion County. This familiarity goes to show Plaintiff's knowledge of the rules of the facility, his knowledge of the necessity to follow officers' directives, and shows Plaintiff's absence of mistake or intent to disobey orders on the date of the occurrences in Plaintiff's complaint.

Moreover, Plaintiff's prior history of intemperance and frequent arrests for violent crimes, including domestic battery, rebut Plaintiff's allegations that he did nothing to provoke any response by Officer Anderson. *See Young v. Rabideau*, 821 F.2d 373, 379 (7th Cir. 1987) (affirming District Court's declination in admitting disciplinary records of detainee, but allowing limited cross-examination on the detainee's prior acts of intemperance and violence to rebut his claims that he lacked any intent to provoke the corrections officer defendant). Just like the disciplinary history of a detainee in *Young*, Defendant should be afforded the opportunity to cross-examine Plaintiff on his history of violence when he has alleged he did nothing to provoke Officer Anderson or put Anderson in reasonable fear of an imminent battery. Plaintiff's history of violent misconduct belies his allegations that he meant nothing by his threats to the officer that he would "kick his ass" and did not grab the officer by the uniform and push him up against the

wall prior to being struck by Anderson. Plaintiff's arrest history also rebuts any claim that Plaintiff's actions were unintentional or mistaken. *Id.* at 381.

Plaintiff has also testified that he didn't know Corrections Officer Anderson's name because all the corrections officers at the time of the incident were "new." (Pltf.'s Dep., at p. 46). Again, Plaintiff's own testimony evidences familiarity with the Jail and its staff. Finally, Plaintiff's *counsel* elicited testimony that Plaintiff had experience in the jail, and never had any violent interactions with a correctional officer prior to this one. (Pltf.'s Dep., at pp. 104-105). Should this testimony be elicited at trial (which would constitute inadmissible evidence of Plaintiff's supposed *good* character, and improper bolstering), it opens the door to any other evidence rebutting Plaintiff's supposed character for non-violence, and Plaintiff's extensive history of violence, including multiple arrests and convictions for violent offenses.

WHEREFORE, for the foregoing reasons, this Court should DENY Plaintiff's First Motion *in Limine*, and admit Plaintiff's 2020 felony conviction, and allow for Plaintiff's prior drug convictions to be used as impeachment pursuant to Rule 609(b)(1) and Plaintiff's 2020 felony conviction under Rule 609(a)(1).

## II. DEFENDANTS' RESPONSE TO PLAINTIFF'S SECOND MOTION *IN LIMINE*

**PLAINTIFF'S MOTION TO BAR REFERENCE TO HIS ARREST THAT LED TO HIS INCARCERATION ON THE DAY OF THE INCIDENT**

Plaintiff argues that his domestic battery incident that led to his arrest and incarceration on the day of the incident "has no relevance as to whether Defendant Anderson used unreasonable and excessive force towards Plaintiff." (Plaintiff's Mtn. *in Limine,* Dkt. # 19, at p. 5). Plaintiff is incorrect. Supreme Court case law is exceedingly clear that in an excessive force case involving a pretrial detainee or an arrestee, the crime for which the Plaintiff has been

arrested, is a factor to be considered when gauging the reasonableness of the use of force. *See Kisela v. Hughes*, 138 S. Ct. 1148, 1152 (2018) (*citing*, *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "[T]he question whether an officer has used excessive force requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* (internal quotation omitted).

Moreover, Officer Anderson's knowledge of Plaintiff's immediately preceding arrest is relevant to his assessment of the danger posed by Plaintiff and the necessity of the use of force. *See DeLuna v. City of Rockford, Ill.,* 447 F.3d 1008, 1010–11 (7th Cir. 2006) (Officer's awareness of prior arrests for violent offenses, violent behavior, and that offender was known to carry a firearm was relevant to the objective reasonableness of force used). Officer Anderson's knowledge of the fact that Plaintiff was arrested on a violent offense is relevant to his state of mind and the reasonableness of his use of force when confronted by Plaintiff. *See Burton v. City of Zion,* 901 F.3d 772, 777 (7th Cir. 2018) ("the knowledge of the officer is a critical inquiry in any assessment of reasonable force.").

Officer Anderson testified at his deposition that he knew Plaintiff was booked on a charge for domestic battery. This knowledge necessarily informed his assessment of the danger posed by Plaintiff to Anderson when Plaintiff threatened him, disobeyed his orders, and eventually turned and confronted him by grabbing Anderson's uniform. Moreover, this knowledge would inform the judgment of any *reasonable officer* in Anderson's position – the standard by which the jury will be evaluating the use of force by Anderson. *See Deering v. Reich,* 183 F.3d 645, 652 (7th Cir. 1999). Plaintiff's arrest for domestic battery on the date of the

7

incident is unmistakably relevant. Plaintiff's argument is contrary to Seventh Circuit precedent and must be rejected.

Moreover, Plaintiff's victim in the underlying domestic battery testified that prior to his arrest, Plaintiff was "belligerent" and "real nasty" and that he was "very intoxicated." (DeNeal Dep., at pp. 11-12).[1] DeNeal also testified that Roberson struck her in the eye and stomach. (DeNeal Dep., at pp. 7-8). Plaintiff admitted to striking DeNeal at his deposition, and pleaded guilty to the misdemeanor domestic battery stemming from the incident. (Pltf.'s Dep., at pp. 42-43). Testimony regarding Plaintiff's intoxication and behavior at the time of his arrest informs the jury of Plaintiff's ability to recall, and is relevant to the jury's determination as to whether the force used was reasonable. This testimony will allow the jury to examine the extent of Plaintiff's impaired judgment and his general state of mind at the time of the encounter with Defendant Anderson less than two hours later. *Saladino v. Winkler*, 609 F.2d 1211, 1214 (7th Cir. 1979) (evidence of intoxication admissible to show impaired judgment and intoxication relevant to reasonableness of force used). In fact, Plaintiff's intoxication makes it "more probable that plaintiff acted as defendant contended he did." *Palmquist v. Selvik*, 111 F.3d 1332, 1342 (7th Cir. 1997) (*quoting Saladino*, 609 F.2d at 1214). This testimony does not represent the type of prejudicial "bad act" from long ago that can be excluded under Rule 404 or Rule 403, but instead describes a continuous course of behavior by Plaintiff over the course of only a few hours that culminated in his confrontation with Officer Anderson. This testimony necessarily informs the jury about whether the force used was reasonable.

It is settled law that "evidence of a plaintiff's impairment is relevant to his excessive force claim because it goes to how the plaintiff interacted with the defendant police officers and

---

[1] True and correct copies of the cited deposition excerpts are attached hereto as Exhibit A (DeNeal) and Exhibit B (Plaintiff).

8

whether the officers' use of force was reasonable." *Jordan v. City of Chicago*, 2011 U.S. Dist. LEXIS 140909, at *6 (N.D. Ill. Dec. 8, 2011) (St. Eve, J.). Drugs and alcohol impact both memory and behavior, both of which are critical in an excessive force case. Evidence of drug and alcohol consumption is admitted regardless of whether there is scientific proof of exactly how much of a substance the person consumed, because that evidence "is useful to the jury in determining whether Defendant Officers' use of force was reasonable under the totality of the circumstances." *Id.*; *see also Smith v. Hunt*, 2011 U.S. Dist. LEXIS 134, at *6 (N.D. Ill. Jan. 3, 2011) (admitting evidence that plaintiff in excessive force case had consumed heroin on the night of the incident, and citing several cases that found such evidence admissible).

WHEREFORE, for the foregoing reasons, this Court should DENY Plaintiff's Second Motion *in Limine*, and admit testimony and evidence regarding the circumstances of Plaintiff's arrest for domestic battery including Plaintiff's intoxication, Plaintiff's behavior, the fact that he was arrested for domestic battery, and regarding Anderson's knowledge of Plaintiff's arrest for domestic battery.

### III.    DEFENDANTS' RESPONSE TO PLAINTIFF'S THIRD MOTION *IN LIMINE*

**PLAINTIFF'S MOTION THAT DEFENDANTS BE BARRED FROM MENTIONING EXHIBITS TO WHICH PLAINTIFF HAS OBJECTED**

Plaintiff's Third Motion *in Limine* is premature. Defendants do not know which exhibits Plaintiff has objected to, because the Final Pre-Trial Order has not been finalized and no exhibit lists have been exchanged. Defendants therefore ask this Court to deny Plaintiff's Third Motion *in Limine* and reserve ruling until the exhibits to be used at trial (and objections thereto) are known.

WHEREFORE, for the foregoing reasons, this Court should DENY Plaintiff's Third Motion *in Limine* as premature.

**IV.	DEFENDANTS' RESPONSE TO PLAINTIFF'S FOURTH MOTION *IN LIMINE***

**PLAINTIFF'S MOTION TO BAR REFERENCE TO**
**DEFENDANTS' FINANCIAL CONDITION**

Plaintiff moves *in limine* to bar Defendants from making a defense of poverty to any claim for compensatory damages. Plaintiff accurately states the law. Defendants do not expect to raise any poverty defense to Plaintiff's *punitive* damage claims, but should this change, Defendants will so notify Plaintiff of that defense in advance of trial. Defendants do not object to Plaintiff's Motion *in Limine*, and agree to only raise any defense of poverty in response to any arguments related to punitive damages.

WHEREFORE, for the foregoing reasons, this Court should grant Plaintiff's Fourth Motion *in Limine*.

**V.	DEFENDANTS' RESPONSE TO PLAINTIFF'S FIFTH MOTION *IN LIMINE***

**PLAINTIFF'S MOTION TO EXCLUDE WITNESSES**

Defendants have no objection to Plaintiff's Fifth Motion i*n Limine*, so long as it is applied to the witnesses for both parties.

WHEREFORE, for the foregoing reason, this Court should grant Plaintiff's Fifth Motion *in Limine*.

**VI.	DEFENDANTS' RESPONSE TO PLAINTIFF'S SIXTH MOTION *IN LIMINE***

**PLAINTIFF'S MOTION TO BAR REFERENCE TO PLAINTIFF'S ALCOHOLISM**

Plaintiff argues that Plaintiff's drinking habits are not relevant to the issues to be tried in this case. (Pltf.'s Mtn. *in Limine*, at p. 7). In the motion, however, Plaintiff materially misstates the evidence, pretending there is a question of fact as to his intoxication during the occurrences alleged in the complaint. Plaintiff did not deny being intoxicated on the date of the incident – *he*

*admitted it*. At his deposition, while being shown video of his behavior in the booking area of the jail, Plaintiff was asked the following questions:

> Q. Is your memory not good of what occurred in the booking area that evening?
> A. My memory's not good period sometimes.
> Q. Okay. And you said you had been drinking whiskey that night, correct?
> A. Yes.
> Q. Were you impaired by alcohol that evening?
> A. I was intoxicated a little, yes.

(Pltf.'s Dep., at p. 61). As stated above, Plaintiff's victim in the underlying incident will testify that Plaintiff was "very intoxicated." (*See* Section II, *supra*). Moreover, in order to lay a foundation for her observation of his intoxication, Ms. DeNeal should be allowed to testify that she has seen Mr. Roberson intoxicated in the past as she did in her deposition, the circumstances of those past observations, and the familiarity to her observations on the date of the incident. *Acevedo v. Canterbury*, No. 03 C 0073, 2004 WL 1166602, at *1 (N.D. Ill. May 24, 2004) (indicators of intoxication are "well within the experience of the average adult.").

To the extent that Plaintiff seeks to disallow evidence of Plaintiff's drinking on *other* occasions from those described above and this incident specifically, Defendants do not oppose Plaintiff's motion. However, the testimony of Ms. DeNeal's observations of Plaintiff's intoxication should not be barred, as Plaintiff's intoxication is unquestionably relevant to the issues in this case (*see* Section II, *supra*), and necessarily foundational to her assessment of his intoxication on the date in question.

WHEREFORE, for the foregoing reasons, this Court should DENY Plaintiff's Sixth Motion *in Limine*.

## VII. DEFENDANTS' RESPONSE TO PLAINTIFF'S SEVENTH MOTION *IN LIMINE*

### PLAINTIFF'S MOTION TO BAR REFERENCE TO PLAINTIFF'S DELINQUENT CHILD SUPPORT

Defendants do not intend to introduce evidence of Plaintiff's delinquency and back-owed child support payments and therefore do not oppose the motion, unless Plaintiff opens the door to the introduction of such evidence.

WHEREFORE, for the foregoing reasons, this Court should grant Plaintiff's Seventh Motion *in Limine*.

Respectfully submitted,

**s/ Michael W. Condon**
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
P: 630-773-4774    F: 630-773-4851
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| ANTHONY L. ROBERSON, | ) |
| | ) |
| Plaintiff, | ) Case No. 18-cv-2312 |
| | ) |
| vs. | ) |
| | ) Judge Colin Stirling Bruce |
| CORRECTIONAL OFFICER COLE | ) |
| ANDERSON, individually, and | ) Magistrate Judge Eric I. Long |
| VERMILION COUNTY, | ) |
| | ) |
| Defendants. | ) |

**CERTIFICATE OF SERVICE**

I hereby certify that on **August 7, 2020**, I electronically filed the foregoing ***Defendants' Response in Opposition to Plaintiff's Motions in Limine*** with the Clerk of the District Court for the Central District of Illinois, Urbana Division, using the CM/ECF system, which will send notification to the CM/ECF participants.

**TO:** Edward M. Fox
Jaclyn N. Diaz
Ed Fox & Associates
300 W. Adams, Ste. 330
Chicago, IL  60606
efox@efoxlaw.com
jdiaz@efoxlaw.com

<u>s/ Michael W. Condon</u>
MICHAEL W. CONDON, ARDC No. 06192071
TONY S. FIORETTI, ARDC No. 06308997
*Attorneys for Defendants*
HERVAS, CONDON & BERSANI, P.C.
333 Pierce Road, Suite 195
Itasca, IL 60143-3156
P:  630-773-4774     F:  630-773-4851
mcondon@hcbattorneys.com
tfioretti@hcbattorneys.com

13