E-FILED
Thursday, 03 September, 2020  09:34:19 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | | |
|---|---|---|
| **ANTHONY L. ROBERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 18-cv-2312** |
| | ) | |
| **CORRECTIONAL OFFICER COLE** | ) | |
| **ANDERSON, individual, and** | ) | |
| **VERMILION COUNTY,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## O R D E R

Pending are Defendants' Motions in Limine (#18), Plaintiff's Motions in Limine (#19), and Defendants' Motion to Strike Plaintiff's Untimely Supplemental Rule 26(a)(1) Disclosure of Additional Witnesses (#20).  For the following reasons, the motions in limine (#18, 19) are both GRANTED in part and DENIED in part, and Defendants' Motion to Strike (#20) is GRANTED in part and DENIED in part.

A.  Defendants' Motions in Limine (#18)

   1. *Motion in limine #1*

Defendants first move to bar Plaintiff from offering "any argument by counsel, evidence, or testimony by any witness with respect to any unrelated allegation of misconduct by any police officer or agency other than the allegations of the instant case," including  "a 'code of silence' or 'blue wall' or any claim of a cover up."

Plaintiff responds that he does not plan to introduce generalized accounts of unrelated police misconduct, but that Defendants' motion concerning misconduct

allegations by "any police officer or agency" is too broad.  Plaintiff "intends to explore and expose the bias" of non-defendant officers "as demonstrated by their statements, actions, professional partnerships, and friendships."

Evidence of bias regarding any witness who testifies about the issues to be decided at trial is relevant and probative.  *Betts v. City of Chicago, Ill.*, 784 F. Supp. 2d 1020, 1028–29 (N.D. Ill. 2011), citing *Maldonado v. Stinar*, 2010 WL 3075680, at *4 (N.D. Ill. Aug. 5, 2010); *Moore v. City of Chicago*, 2008 WL 4549137, at *6 (N.D. Ill. Apr. 15, 2008); and *Christmas v. City of Chicago*, 691 F. Supp. 2d 811, 819 (N.D. Ill. 2010)); see also *United States v. Abel*, 469 U.S. 45, 51 (1984) (evidence of group membership admissible to show bias).

However, generalized evidence or argument about a "code of silence" or "blue wall" would not be helpful to the jury, would confuse the jury, and the risk of unfair prejudice would substantially outweigh any probative value.  *Jones v. City of Chicago*, 2017 WL 413613, at *3 (N.D. Ill. Jan. 31, 2017), citing Fed. R. Evid. 401, 403; *Hill v. City of Chicago*, 2011 WL 3205304, at *5 (N.D. Ill. July 28, 2011); *Christmas*, 691 F. Supp. 2d at 819; *Ratliff v. City of Chicago*, 2012 WL 5845551, at *4 (N.D. Ill. Nov. 19, 2012); see also *Betts*, 784 F. Supp. 2d at 1028–29.

Therefore, Defendants' first motion in limine is GRANTED in part and DENIED in part, as follows: (1) Plaintiff is barred from introducing evidence that law enforcement officers in general adhere to a "code of silence," "blue wall," or otherwise generally seek to cover up misconduct in order to protect fellow officers; (2) Plaintiff is barred from using the terms "code of silence" and "blue wall" because those terms are unduly prejudicial; (3) Plaintiff is barred from offering evidence or argument about specific, highly publicized incidents of unrelated police misconduct because such evidence or argument would be minimally relevant, and unfairly prejudicial to Defendants here; (4) Plaintiff may seek to introduce evidence that any witness is biased, by establishing common group membership or otherwise, so long as the evidence is specific to the witness whose testimony Plaintiff seeks to impeach; (5) Plaintiff may argue bias to the extent such an argument is supported by the evidence adduced at trial; (6) Plaintiff is not barred from offering evidence and argument about the police misconduct alleged to have been committed by Defendants in this case; and (7) Plaintiff is not barred from arguing his case based on the evidence at trial, which argument must, almost axiomatically, include references to police misconduct.

2. *Motion in limine #2*

Defendants next move to bar Plaintiff from offering or attempting to introduce any testimony, evidence, or argument regarding the prior disciplinary records of or lawsuits against Defendant Anderson or any other Vermilion County officers or personnel.  Defendants argue this evidence would constitute improper character

evidence, or propensity evidence, under Federal Rule of Evidence 404. Defendants further argue that any probative value the evidence may have would be outweighed by the danger of unfair prejudice under Federal Rule of Evidence 403.

Plaintiff does not intend to mention prior lawsuits against Defendants. To that extent, Plaintiff does not object to Defendants' second motion in limine which is therefore GRANTED as to prior lawsuits against Defendants.

However, Plaintiff objects in part, arguing that the motion should be denied as to his ability to submit evidence of the incident that is the subject of two cases brought by Gregory Johnson against Defendant Anderson: *Johnson v. Anderson, et al.*, C.D. Ill. Case No. 18-CV-02042 (Feb. 5, 2018) and *Johnson v. Fahey*, C.D. Ill. Case No. 20-cv-020308 (Feb. 20, 2020).

Johnson alleged that on January 1, 2018, Anderson assaulted him while he was an inmate in the Vermilion County Public Safety Building, requiring medical treatment. Johnson alleged that Anderson attacked him more after getting him "off camera." Plaintiff argues that this evidence should be admissible "not to prove propensity but rather to show intent to cause harm as well as Defendant Anderson's common plan to get inmates out of view of the cameras to assault them," which is "especially pertinent to Plaintiff's state law claim of battery."

The court believes that it is unnecessary to address this portion of the second motion in limine at this time, based on the court's ruling on Defendants' Motion to Strike Plaintiff's Untimely Supplemental Rule 26(a)(1) Disclosure of Additional

Witnesses (#20). As will be explained below, in response to that Motion, the court bars Plaintiff from calling Johnson as a witness due to the untimeliness of the Rule 26(a)(1) disclosure. Should Plaintiff have additional evidence of the incident underlying the Johnson cases, the court will revisit this issue.

### 3. *Motion in limine #3*

Defendants next move to bar reference to indemnification of Defendant Anderson by Vermilion County, or payment of any judgment by the County's insurer. Plaintiff's third motion in limine is GRANTED. Should such evidence become relevant for rebuttal or impeachment purposes, the court will examine the issue at that time.

### 4. *Motion in limine #4*

Defendants next move to bar any witnesses from offering non-expert medical opinion testimony. Defendants seek to bar Plaintiff from testifying regarding "any purported medical opinions, conclusions, or interpretation of medical imaging."

Plaintiff responds that he intends to testify as to his own perceptions, including the physical and emotional effects of Defendants' alleged conduct and his symptoms and their duration. Plaintiff asserts that expert testimony as to causation is not necessary because the cause of injuries is within jurors' common experience or observations.

In *Crecy v. Kankakee Sch. Dist. #111*, this court ruled as follows:

> "A witness does not need to be a doctor to describe his or her health in general terms." *Collins v. Kibort*, 143 F.3d 331, 337 (7th Cir. 1998). However, a lay witness may not discuss his ailments in detail, and may not suggest that a defendant

caused his condition. See *Collins*, 143 F.3d at 337. A lay plaintiff may be barred from providing opinions or conclusions, including his own opinions, about his medical condition, and similarly may not testify about what doctors have told him about his medical condition. *Barlow v. Riley*, 2013 WL 2300762, at *2 (C.D. Ill. May 24, 2013). Still, a plaintiff may testify about his own perception of his symptoms, and his own perception of his physical and mental health, before and after the incident. *Barlow*, 2013 WL 2300762, at *2; *Larsen v. Barrientes*, 2010 WL 2772325, at *3–4 (N.D. Ind. July 12, 2010).

Here, Plaintiff may testify about his own perceptions of his physical health before and after the incident, including recounting any pain experienced during those times. He may also describe his health in general terms. He is not, however, permitted to opine that the incident proximately caused his physical health problems or to offer a detailed medical diagnosis (or self-diagnosis) of his alleged injuries. See *Haack*, 2011 WL 862239, at *4. He is not permitted to opine on medical causation. See *McQuiston v. Helms*, 2009 WL 554101, at *11 (N.D. Ind. Mar. 4, 2009). The same holds true for his family members. They may opine as to their lay observations of Plaintiff's condition before and after the incident, but they may not opine that the incident proximately caused his physical health problems, offer a detailed medical diagnosis of his alleged injuries, or opine on medical causation.

*Crecy v. Kankakee Sch. Dist. #111*, 2017 WL 6945336, at *4 (C.D. Ill. Feb. 6, 2017).

The court rules that Plaintiff may testify about his own perception of his health prior to, during, and after the incident.  He cannot testify as to medical opinions, conclusions, or interpretation of medical imaging.  But, expert medical evidence is not necessarily required in this case.  As stated in *Hendrickson v. Cooper*, 589 F.3d 887, 892 (7th Cir. 2009), "[n]o expert testimony is required to assist jurors in determining the cause of injuries that are within their common experiences or observations."  The *Hendrickson* court found the cause of a plaintiff's pain was "perfectly clear" where a defendant beat the plaintiff.  *Id.*  If, as it appears may be the case, "[t]his case presents no such complicated question of medical causation," testimony like in *Hendrickson* will

suffice.  See *id.*  ("Hendrickson testified that Cooper beat him up and that it hurt really bad. The jury believed him. No further proof was required for the jury to find Cooper liable for violating Hendrickson's Eighth Amendment rights.").

Defendants argue that Plaintiff "should be barred from presenting testimony from any other witness as to Plaintiff's pain, symptoms, conditions, treatment, diagnoses, or opinions" because such evidence would be inadmissible hearsay.  Plaintiff objects to this request as overly broad, and states that he intends to present testimony from his ex-girlfriend, Kisha DeNeal, who saw Plaintiff at the grocery store a few days after his release from custody and observed lasting symptoms of Plaintiff's injury from Anderson.  The court agrees that request is overly broad and vague.  It would bar admissible testimony from a variety of sources.  The court will permit DeNeal to testify as to her own observations of Plaintiff.  She will not be permitted to opine on their cause, nor will she be permitted to testify as to statements that Plaintiff made to her about his symptoms or their cause.

Defendants also wish to bar testimony from Plaintiff that, the day after the incident, he overheard an unidentified nurse tell an unidentified corrections officer to "rush him to the hospital now."  Plaintiff argues the nurse's statement falls under Federal Rule of Evidence 803(1)'s hearsay exception for "a statement describing or explaining an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter."

> Rule 803(1) indicates that an out-of-court statement is not excludable as hearsay, whether or not the declarant is available to testify, if the statement 'describ[es] or explain[s] an event or condition made while the declarant was perceiving the event or condition, or immediately thereafter.' Courts have agreed on three principal criteria for the admission of statements pursuant to this rule: (1) the statement must describe an event or condition without calculated narration; (2) the speaker must have personally perceived the event or condition described; and (3) the statement must have been made while the speaker was perceiving the event or condition, or immediately thereafter.

*U.S. v. Ruiz*, 249 F.3d 643, 646 (7th Cir. 2001).

The court agrees with Defendants that the statement "rush him to the hospital now" is inadmissible hearsay because it does not fit into the Rule 803(1) exception for present sense impressions. It was a statement allegedly telling someone what to do the day after the incident at issue. It does not describe or explain a condition. It does not describe what the actual condition was that prompted that advice. It offers no explanation as to why the nurse thought Plaintiff needed to be sent to the hospital. Testimony that Plaintiff heard a nurse tell an officer "[r]ush him to the hospital now" will not be permitted because it is inadmissible hearsay.

Therefore, Defendants' fourth motion in limine is GRANTED in part and DENIED in part.

     5. *Motion in limine #5*

Defendants seek to admit Plaintiff's June 5, 2020 domestic battery conviction under Federal Rule of Evidence 609. Defendants also seek to admit four prior convictions for drug offenses, two from 1994, one from 2003, and one from 2007.

Federal Rule of Evidence 609 provides that 'for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence ... must be admitted, subject to Rule 403, in a civil case ... in which the witness is not a defendant.' FED. R. EVID. 609(a)(1)(A). The familiar Rule 403 balancing test further guides the Court that it 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.' FED. R. EVID. 403.

*Lyles v. Gambino*, 2019 WL 5654227, at *3 (N.D. Ill. Oct. 31, 2019).

Rule 609(b) sets forth a different analysis for convictions "if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later." Fed. R. Evid. 609(b). Under those circumstances:

Evidence of the conviction is admissible only if: (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

The court finds that the June 5, 2020 domestic battery conviction is admissible for impeachment purposes. It is very recent, well within the ten-year timeframe. Plaintiff's credibility will be an important issue at trial. While not a crime involving dishonesty, the 2020 conviction still has some probative value on that issue. As described in *Schmude v. Tricam Indus.*, Inc., 556 F.3d 624, 627 (7th Cir. 2009), "[t]he rationale for ... allowing a prior crime to be used to undermine testimony is that a person who has committed a serious crime is more likely than

a law-abiding person to lie on the stand even if the case in which he is testifying

has nothing to do with that crime."  The court finds that, for the 2020 domestic

battery conviction, the probative value is not substantially outweighed by a

danger of unfair prejudice, confusing the issues, misleading the jury, undue

delay, wasting time, or needlessly presenting cumulative evidence.

However, the court finds that the drug convictions are inadmissible.  Those

convictions are from 1994, 2003, and 2007.  The most recent one is 13 years old, and two

of them are from 26 years ago.  Given that none of the drug convictions are recent and

two are over two decades old, any minimal probative value of those convictions on the

credibility issue does not substantially outweigh the prejudicial effect of such evidence.

Therefore, Defendants' fifth motion in limine is GRANTED in part and DENIED

in part.  The 2020 domestic battery conviction is admissible for impeachment purposes,

but the drug convictions are not.

### 6. *Motion in limine #6*

Defendants next move to bar Plaintiff from arguing that the jury should "send a

message" to Vermilion County, or law enforcement generally, because such a reference

cannot form the basis for any damages other than punitive damages, and punitive

damages cannot be recovered against the County.

Plaintiff does not intend to argue that the jury should "send a message" to Vermilion County.  He states, however, that he should still be allowed "to argue that he is attempting to deter Defendant Anderson and other correctional officers from misconduct."

In *Betts v. City of Chicago*, a § 1983 case involving police misconduct, the defendants sought to bar argument or innuendo that the plaintiff intended to "send a message" to the City of Chicago or the Chicago Police Department, contending that such an argument was one for punitive damages, which cannot be assessed against a municipality on § 1983 claims.  The plaintiff argued that it was proper to argue that he wanted to send a message to the City of Chicago itself since it was those officers' employer, and "[w]hile punitive damages cannot be awarded against the City, there is no reason to prohibit Plaintiff's counsel from asking the jury to send a message to the City that falsely arresting a citizen of Chicago, i.e. Plaintiff, is simply not acceptable in a civilized society."  *Betts*, 781 F. Supp. 2d at 1033.  The plaintiff in *Betts* cited to the district court's decision in *Saunders v. City of Chicago*, 320 F. Supp. 2d 735 (N.D. Ill. 2004), where the court denied a similar motion in limine on grounds that the defendants "fail[ed] to show why a jury could not 'send a message' to the city by requiring it to pay actual damages."  *Betts*, 784 F. Supp. 2d at 1033, quoting *Saunders*, 320 F. Supp. 2d at 738.

The *Betts* court rejected the *Saunders* court reasoning, concluding:

> Given that compensatory damages are limited to actual losses, this court
> agrees that Betts' argument that the jury should "send a message" is a
> punitive damages argument.  Nevertheless, this court is not persuaded
> that Betts should not be able to argue that he is attempting to deter the
> defendant officers and other Chicago police officers from future
> misconduct.  However, any argument that he would like to "send a
> message" to the City implies that the city has a policy or practice of
> condoning such misconduct, which is precisely the question at issue in
> Betts' *Monell* claim that is not being addressed in this trial.   Accordingly,
> the defendants' motion in limine is granted insofar as Betts is barred from
> any argument that the jury should "send a message" to the City of
> Chicago.  However, the defendants' motion in limine is denied insofar as
> Betts will be permitted to argue that he is attempting to deter the
> defendant officers and other Chicago police officers from future
> misconduct.

*Betts*, 781 F. Supp. 2d at 1033.

Likewise in *Jones v. City of Chicago*, the court barred the plaintiff from making a "sending a message" argument as to the City of Chicago or Chicago Police Department, because such an argument is relevant only to punitive damages, and the City of Chicago could not be sued for punitive damages.  *Jones*, 2017 WL 413613, at *4.  The court did allow the plaintiff to ask the jury to award punitive damages and send a message to the named individual defendant officers or to other police officers generally to deter the type of misconduct he alleged in the case, because punitive damages can serve as an example to other officers "that they should not do what Defendants did in this case."  *Jones*, 2017 WL 413613, at *5.

The court finds the reasoning and decisions of the courts in *Betts* and *Jones* persuasive.  Defendants' sixth motion is GRANTED to the extent that Plaintiff may not reference "punishing" or "sending a message" to Vermilion County.  However, Plaintiff may reference "sending a message" to Defendant Anderson or to other police officers in general to deter the type of misconduct alleged in this case.

### 7. *Motion in limine #7*

Defendants request that this court bar all argument, evidence, innuendo, questions, or testimony of any iteration of the "Golden Rule" argument.  Plaintiff does not object.  Therefore, Defendants' seventh motion in limine is GRANTED.

### 8. *Motion in limine #8*

Defendants move to bar any witness testimony or documentary evidence offered by Plaintiff that has not been previously disclosed during discovery pursuant to Federal Rule of Civil Procedure 26.  This issue is connected to Defendants' Motion to Strike Plaintiff's Untimely Supplemental Rule 26(a)(1) Disclosure of Additional Witnesses (#20), which, as will be discussed below, is GRANTED in part and DENIED in part.

### B. Plaintiff's Motions in Limine (#19)

### 1. *Motion in limine #1*

Plaintiff seeks to bar reference to his arrests or convictions.  Defendants seek to admit Plaintiff's 2020 felony domestic battery conviction and Plaintiff's prior drug convictions under Rule 609.

As discussed above regarding Defendants' fifth motion in limine, the 2020 domestic battery conviction is admissible for impeachment purposes, but the drug convictions are not.  The motion is GRANTED in part and DENIED in part.

   2.  *Motion in limine #2*

Plaintiff seeks to bar any mention, comment, or reference to the fact that he was arrested for domestic battery on the date of the incident.  Plaintiff argues that the crime for which he was arrested on the night of the incident is irrelevant, and even if it were relevant, any probative value is substantially outweighed by the danger of unfair prejudice, could lead to confusion of issues, and cause a waste of time.  Defendants disagree, arguing the fact that the arrest was for domestic battery is relevant and admissible.

Rules 401, 402, and 403 of the Federal Rules of Evidence govern which evidence is relevant and admissible in a proceeding.  Under Rule 401, "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Unless otherwise provided by law, relevant evidence is admissible and irrelevant evidence is not.  Fed. R. Evid. 402.  Relevant evidence remains subject to the restrictions of Rule 403, which states: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."  Fed. R. Evid. 403.

In *Burton v. City of Zion*, 901 F.3d 772, 777 (7th Cir. 2018), the Seventh Circuit discussed the admissibility of evidence in a § 1983 case alleging excessive force by a law enforcement officer.  In order to be relevant in such a case, "all evidence must make it more or less probable that the officers' force was reasonable."  *Burton*, 901 F.3d at 777, citing Fed. R. Evid. 401.  Explaining what evidence may be relevant to that assessment, the court stated:

> Whether the amount of force an officer used is excessive or reasonable turns on the "facts and circumstances of each particular case." *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The standard of reasonableness for a police officer in an excessive force case is "an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Id.* at 397, 109 S.Ct. 1865. "A court must make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." *Kingsley v. Hendrickson*, ––– U.S. ––––, 135 S.Ct. 2466, 2473, 192 L.Ed.2d 416 (2015). The Supreme Court case law on excessive force has emphasized that the assessment as to whether an officer has used excessive force "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Kisela v. Hughes*, ––– U.S. ––––, 138 S.Ct. 1148, 1152, 200 L.Ed.2d 449 (2018) (citation omitted). In sum, the knowledge of the officer is a critical inquiry in any assessment of reasonable force.

*Id.*

Defendant Anderson testified at his deposition that he knew Plaintiff was booked on a charge for domestic battery.  Under the standards discussed in *Burton*, the court finds that the fact that Plaintiff was arrested for domestic battery is relevant and admissible to assess whether Anderson's use of force was reasonable.

Plaintiff's second motion in limine is DENIED.

### 3.  *Motion in limine #3*

Plaintiff seeks to bar the defense attorneys from mentioning, commenting, or referring to any exhibit objected to by Plaintiff, during opening statements.  This motion is DENIED as premature.  The court may revisit this issue upon the request of a party, when any objections to any exhibits are known.

### 4.  *Motion in limine #4*

Plaintiff seeks to bar defense attorneys from mentioning, commenting, or suggesting that the individual defendants will be forced to pay any compensatory damages out of their own pocket.  Defendants do not object.  This motion is GRANTED.

### 5.  *Motion in limine #5*

Plaintiff seeks to exclude non-party witnesses from the courtroom while other witnesses are testifying.  Defendants do not object, so long as the exclusion is applied to the witnesses for both parties.  This motion is GRANTED.  Non-party witnesses will be excluded from the courtroom while other witnesses are testifying.

6. *Motion in limine #6*

Plaintiff seeks to bar defense attorneys from arguing or implying that Plaintiff

has, or had, a drinking or alcohol problem.  Plaintiff asserts that such evidence is

irrelevant, and even if it were relevant, any probative value is substantially outweighed

by the danger of unfair prejudice.  Defendants do not intend to argue that Plaintiff had

a drinking problem generally, but they do plan to introduce testimony of Plaintiff's

intoxication on the night of the incident, including DeNeal's observations of Plaintiff's

intoxication that night and a foundation for her observations.

Plaintiff admitted in his deposition that he had been drinking whiskey and "was

intoxicated a little," and DeNeal testified in her deposition that Plaintiff was "very

intoxicated" on the night of the incident.  To lay a foundation for DeNeal's observation,

Defendants ask that DeNeal be allowed to testify (as she did in her deposition) that she

had previously seen Plaintiff intoxicated, the circumstances of those past observations,

and the similarity to her observations on the relevant date.

The court will not permit general inquiries into Plaintiff's past relationship with

alcohol.  To that extent, Plaintiff's motion is GRANTED.

However, under the analysis discussed regarding Plaintiff's second motion in

limine, the court agrees that Plaintiff's intoxication on the date in question is relevant

and admissible.  The court will also permit DeNeal's testimony about her prior

experience with Plaintiff's intoxication as foundational to her belief Plaintiff was "very

intoxicated" on the night of the incident.  To the extent that DeNeal may testify as to

having seen Plaintiff intoxicated in the past, Plaintiff's motion in limine is DENIED.

Plaintiff's sixth motion in limine is GRANTED in part and DENIED in part.

7. *Motion in limine #7*

Plaintiff seeks to bar defense attorneys from inquiring about Plaintiff's children

or Plaintiff's owed child support.  Defendants do not intend to introduce such evidence.

This motion is GRANTED.

C.  Defendants' Motion to Strike Plaintiff's Untimely Supplemental Rule 26(a)(1)

Disclosure of Additional Witnesses (#20)

Discovery closed in October 2019, and trial is set for September 22, 2020.

In their Motion in Limine, filed July 24, 2020, Defendants moved to bar any

witness testimony or documentary evidence offered by Plaintiff that has not been

previously disclosed during discovery pursuant to Federal Rule of Civil Procedure 26.

Shortly after filing that Motion, Defendants received Plaintiff's First Supplemental Rule

26(a) Disclosures, in which Plaintiff disclosed two previously undisclosed witnesses:

Lieutenant Colin Osterbur and Gregory Allen Johnson Jr.

Consistent with the request in their Motion in Limine, Defendants' Motion to

Strike Plaintiff's Untimely Supplemental Rule 26(a)(1) Disclosure of Additional

Witnesses (#20) seeks to bar those witnesses from testifying at trial.  Plaintiff argues that

the court should allow the witnesses to testify because the witnesses were well known

to Defendants and the late disclosure is unlikely to disrupt the trial.

Rule 26(a)(1)(A)(i) of the Federal Rules of Civil Procedure requires litigants to disclose to one another "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" Fed. R. Civ. P. 26(a)(1)(A)(i).

"Rule 26(e)(1) requires parties to supplement their initial disclosures as more information becomes available to them." *Dynergy Marketing & Trade v. Multiut Corp.*, 648 F.3d 506, 514 (7th Cir. 2011).  A supplemental disclosure is required "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."  Fed. R. Civ. P. Rule 26.

"If a party does not follow these rules, 'the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or was harmless.'" *Dynergy*, 648 F.3d at 514, quoting Fed. R. Civ. P. 37(c)(1).  "[T]he sanction of exclusion is automatic and mandatory unless the sanctioned party can show that its violation of Rule 26(a) was either justified or harmless."  *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003), quoting *Salgado v. Gen. Motors Corp.*, 150 F.3d 735, 742 (7th Cir. 1998).

Whether a failure to comply with Rule 26(a) is substantially justified, harmless, or warrants sanctions is left to the broad discretion of the district court. *Dynergy*, 648 F.3d at 514, citing *David,* 324 F.3d at 857. The district court should consider: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David,* 324 F.3d at 857.

1. *Lieutenant Colin Osterbur*

The first witness Defendants seek to bar from testifying at trial is Lieutenant Colin Osterbur. Osterbur was working for Defendant Vermilion County at the Public Safety Building on the date of the incident. Plaintiff specified in his supplemental disclosures that he expected Lieutenant Osterbur to testify to "Plaintiff's physical and mental state on the day of the alleged incident."

Plaintiff argues Osterbur's testimony should be permitted "because Osterbur's participation in the evaluation of Plaintiff after the incident was well known to Defendants." On the date of the incident, Lieutenant Osterbur filled out a "Jail Management Inmate Medical Questions" form which was disclosed to Plaintiff by Defendants in response to Plaintiff's First Set of Requests to Produce. Plaintiff then used that document as an exhibit when deposing Sergeant Heaton, including asking Heaton who Osterbur was.

"There is [ ] no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process, *as when a witness not previously disclosed is identified during the taking of a deposition*." *Coleman v. Keebler Co.*, 997 F. Supp. 1102, 1107 (N.D. Ind. 1998), quoting Fed. R. Civ. P. 26(e)(1) advisory committee's note to 1993 Amendments (emphasis added); See also *Weiland v. Linear Constr., Ltd.*, 2002 WL 31307622, at *2 (N.D. Ill. Oct. 15, 2002) (duty to supplement initial disclosures was satisfied when the other party learned the identities of witnesses during another witness's deposition).

Here, *Defendant* employed Osterbur. *Defendant* initially disclosed a form filled out by Osterbur to Plaintiff.  At a deposition, Plaintiff questioned a witness about who Osterbur was and used that form as an exhibit.  The court finds that Plaintiff did not violate Rule 26(e) as to Osterbur.  Even if Plaintiff should have disclosed Osterbur as a witness sooner, the court in its discretion would opt not to impose sanctions.

The Motion to Strike is DENIED as to Lieutenant Osterbur.  Osterbur may testify at trial.

> 2.  *Gregory Allen Johnson Jr.*

The other witness Defendants seek to bar from testifying at trial is Gregory Johnson.  Gregory Johnson is the named plaintiff in two civil lawsuits against Defendant Anderson.  In those lawsuits, Johnson alleged Anderson assaulted him while he was an inmate in the Vermilion County Public Safety Building, attacking him "off camera" and causing injuries.

Plaintiff argues that his supplemental disclosure was premised upon the new evidence disclosed by Defendants in their Motion in Limine that an additional civil lawsuit was pending against Anderson.  Plaintiff's interrogatory No. 8 asked Defendant Anderson to disclose all civil lawsuits against him, but the second case filed by Johnson against Anderson on February 20, 2020 was only disclosed in the July 24, 2020 Motion in Limine.

The first case filed by Johnson, which apparently was disclosed earlier, was filed on February 5, 2018.  It is case number 18-2042 in the District Court for the Central District of Illinois.  Johnson, the plaintiff in that case, alleged that Anderson "got [him] off camera and attacked [him] some more."  The docket shows that case was dismissed in June of 2018 after Johnson did not respond to a rule to show cause why the case should not be dismissed for failure to keep the court informed of his address.

While Plaintiff faults Defendants for not disclosing a second case filed by Johnson, the court finds that if Plaintiff desired to call Johnson as a witness at trial, Plaintiff would have been able to disclose him prior to the close of discovery based on the 2018 case Johnson filed. The 2018 allegations included the allegation Plaintiff apparently wants to attempt to substantiate through Johnson's trial testimony, about Defendant Anderson attacking Johnson in an off-camera location.  If Plaintiff was interested in pursuing that possible evidence, he should have disclosed Johnson as a witness earlier.

The later-filed case concerns the exact same incident, without adding any new allegations against Anderson.  And, it has now also been dismissed as barred by the statute of limitations.

Trial is now set for a date less than a month away.  The court does not find the late disclosure harmless.  The court does not wish to reopen discovery, many months after it closed, to allow the deposition of Johnson, when the relevant allegations were known to Plaintiff prior to the close of discovery.

Plaintiff argues that Johnson is not a surprise witness based on Defendants' Motion in Limine.  The court finds that Defendants seeking to cover their bases by filing a motion in limine to bar Plaintiff from presenting the testimony of undisclosed witnesses does not open them up to the court allowing those witnesses.  Parties should not be punished for attempting to be prepared.  The filing of a motion in limine to exclude a witness does not show that a party had the proper opportunity to prepare for the trial testimony of the potential witness.  "Ultimately, the effect of Rules 26(e) and 37 is to exclude undisclosed evidence unless the information is made known to the other side in the context of the case itself." *Ammons v. Chicago Board of Education*, 2019 WL 1595870, at *3–4 (N.D. Ill. April 15, 2019).  Defendants' awareness of the *Johnson* litigation outside of the context of this case provided them no reason to earlier seek his deposition within the context of this case.

The court concludes that Plaintiff has not shown that his failure to comply with his obligation to timely disclose Johnson as a witness was justified or harmless and, therefore, the sanction of exclusion is warranted.

Defendants' Motion to Strike is GRANTED as to Gregory Allen Johnson Jr. Plaintiff will be barred from presenting testimony from Gregory Allen Johnson Jr.

IT IS THEREFORE ORDERED THAT:

(1)  Defendants' Motion in Limine (#18) is GRANTED in part and DENIED in part.

(2)  Plaintiff's Motions in Limine (#19) is GRANTED in part and DENIED in part.

(3)  Defendants' Motion to Strike (#20) is GRANTED in part and DENIED in part.

ENTERED this 3rd day of September, 2020.

COLIN S. BRUCE
U.S. DISTRICT JUDGE